Day, C. J.
A brief statement will present the principal question to be considered in the determination of this case.
The plaintiff, Davis, recovered a judgment against Joseph Johnson, in the court of common pleas of Union county, at a term which began on the 9th day of May, 1859. The judgment became a lien •on one hundred and twenty-seven acres of land owned by Johnson. The land was mortgaged by Johnson to Messenger, the defendant, and the mortgage was left for record on the 9th day of May, 1859, at 11 o’clock a. m.
The land was subsequently sold upon proceedings to which the plaintiff was not a party; thereupon he brought his action to recover the proceeds of the sale, claiming that his judgment lien was prior to that of the mortgage. The parties were at issue on this question; and, on the trial in the district court, the plaintiff gave in evidence an entry upon the journal of the court of common pleas, whereby it appeared that the judges of the judicial district embracing the county of Union had fixed the times for holding the several terms of the court of common pleas of that county for the year 1859, and had issued their order, “ specifying precisely the commencement of the term,” in May, to be on the '9th day of that month, at 10 o’clock a. m. The plaintiff also gave in evidence an entry on the journal of the court of common pleas, showing that the court convened on the 9th day of May, 1859; but the hour at which the court opened is not mentioned, further than is contained in the statement that the court convened on that day “inpursuance of law.”
The defendant then called witnesses to prove that the court did not commence its session until after 11 o’clock a. m. To this evidence the plaintiff objected; but the court overruled the objection, and admitted the testimony. To this ruling the plaintiff excepted.
The court found that the session of the common pleas was not commenced until after 12 o’clock, noon, on the 9th day of •KMay, 1859; and that before the court opened its session — at 11 o’clock a. h., on the same day — the mortgage was filed for record. The court held that the lien of the mortgage was prior to that of the judgment, and rendered a decree against the plaintiff.
This petition in error is brought to reverse the judgment of the •district court.
It will be seen that the error alleged is, that the court admitted testimony to prove that the court began its session at an hour later *218 than that shown, by the record, as the one fixed by the judges of the district, upon the theory that the term began at the time the court was opened for the transaction of business.
No equitable considerations are involved in the determination of this case, for the lien of each party rests alone upon legislative enactment. The mortgage was “ delivered to the recorder” on the 9th day of May, at 11 o’clock a. m. ; and there is no dispute but that, under the statute, it took effect and held the land from that time. S. & C. Stat. 469.
It is equally clear, under the statute, that, inasmuch as that was the “ first day of the term at which the judgment was rendered,” the land was “ bound for the satisfaction thereof” on the same day. S. & C. Stat. 1064; Follett v. Hall, 16 Ohio, 111.
Here arises the real question in the case: At what time in the day did the judgment lien attach ?
There would be little difficulty in answering this question, but for the holding, in the case of Follett v. Hall, that a “mortgage handed in for record on the first day of the term of court, but before the court actually convenes, will prevail against the lien of a judgment recovered at the same term.”
While we are not, at this time, disposed to question the correctness of the decision of that case, we think, to say the least, that this ease is so clearly distinguishable from that, that it can not be regarded as an authority conclusive of the case before us.
In that case, the legislature had declared on what day of the month the court of common pleas should be held, and nothing more. 1 Curwen’s Stat. 762.
*In this case, the court was held pursuant to an act passed April 12, 1858. 4 Curwen’s Stat. 3089. By that act it was made the duty of the judges of the Supremo Court “to fix and prescribe the times for holding the terms of the district courts for the next succeeding yéar.” It was made “the duty of the judges of the common pleas, in each and every common pleas district in the state, to fix the times for the terms of the court of common pleas in each of the counties in their respective districts.” It is further made the duty of the judges of-the common pleas to “issue their written order to the clerk of the court of common pleas of each and every county in their district, specifying precisely the commencement of the term of the district court, and of the several terms of the court of common pleas in said county, and in all the *219 counties in said district.” It is also made the duty of the clerk to enter this order “upon the journal of the court©f common pleas, and also upon the journal of the district court in his said county, . . . and said entries shall be full and sufficient evidence as to the legal terms for holding said courts as therein specified.” It is also further provided that the courts shall be held “ at the times fixed and ordered by the judges in accordance with the foregoing provisions.”
It is shown by the record, given in evidence by the plaintiff, that the judges fully performed the duty required of them by this act. They “fixed the times for the terms of the court of common pleas,” and issued their order “ specifying precisely the commencement of the term.” They specified both the day and the hour at which the term should begin.
Whether they were required to fix the hour of the commencement of the term or not, they, at least, had full authority to do so. Having in their order specified “precisely” the hour at which the term would commence, the statute provides that the record of that order “shall be full and sufficient evidence as to the legal terms for holding said courts as therein ordered,” and that the court shall be held “ at the times fixed and ordered by the judges.”
Giving effect to these provisions of the statute, we feel constrained to hold that, no matter at what hour the court convened, where a term of the court was held, “ the legal *term ” began “precisely” — in the language of the statute — “at the time fixed and ordered by the judges;” and that the record of this order was “ sufficient ” and conclusive “ evidence as to the legal term ” held pursuant to the order.
This construction of the statute is not only in accordance with the spirit and purpose of the act, but best harmonizes with other statutes that relate to the commencement of terms of the court.
Except as otherwise provided in special cases, judgments date as of the first day of the term, and become liens on lands upon that day, at whatever time in the term they may be rendered. There may be no session of the court on the first day of the term, by reason of the absence of the judge (when, by section 593 of the code, the sheriff is required to adjourn the court till the next day), still a judgment rendered on a subsequent day of the term, would become a lien on the judgment debtor’s land from the first day of the term, in virtue of the positive provisions of the statute. If, there *220 fore, the lien attaches on the first day, when there is no .session of the court, a rule declaring the commencement of the lien to be at the opening of the court for business, must meet with embarrassing exceptions.
In such a case it would be difficult to determine at what time in the day the lien attached, unless it begins with the first moment that the term might by law begin, or, as in this case, where the time is fixed of record, in pursuance of a statute, “precisely” at the time specified in the record.
This construction renders the commencement of judgment liens fixed and certain, as we are warranted in presuming that the legislature intended they should be. Any other construction would give rise to great practical difficulties. The commencement of judgment liens would rest only in the uncertain memory of witnesses.
Eor obvious practical reasons, it is the undoubted policy of the law to render the commencement of all legal liens on lands definite and certain.
We think that the law, and the record made in pursuance of the law, conclusively fixed the time when the lien of the plaintiff’s judgment attached; and that was at the commencement *of the legal term of the court, on the 9th of May, at 10 o’clock a. m.
It follows, that the district court erred in overruling the objection of the plaintiff to the evidence offered by the defendant, to prove that the court of common pleas opened at a later hour, and in holding that the lien of the judgment did not attach to the land until the court opened for business' on the 9th of May.
The judgment of the district court is reversed, and the cause remanded for further proceedings.
White, Welch, Brinkerhoee, and Scott, JJ., concurred.